## STATE EX REL. VICTOR MAKI v. VILLAGE OF HIBBING AND OTHERS.[1]

May 5, 1944.

No. 33,726.

*John M. Gannon,* for appellant.
*J. C. Henley,* for respondents.

THOMAS GALLAGHER, JUSTICE.

*Mandamus* proceeding upon the relation of Victor Maki, an exserviceman entitled to a veteran's preference under Minn. St. 1941, §§ 197.45 and 197.46 (Mason St. 1940 Supp. §§ 4368 and 4369), as amended by L. 1943, c. 230, to compel respondents to reinstate him on a full-time basis to the position for which he alleges he was employed, and to pay him back wages claimed to be due in connection therewith. Findings and conclusions adverse to relator were made, and thereafter he moved for amended findings and conclusions or for a new trial. From the order denying his motion he appeals.

The sole question for determination is whether relator is entitled

[1]Reported in 14 N. W. (2d) 343.

to employment as a helper on the sprinkler of the village of Hibbing on a seven-day-week rather than a five-day-week basis, and whether he is entitled to recover for loss of two days' wages a week sustained by him from January 15, 1942, on which date he claims he was unlawfully returned to a five-day-week basis.

It is undisputed that relator is entitled to a veteran's preference under the aforesaid statute. He has been employed as a helper on the sprinkler since 1932 on a five-day-week basis. All positions of employment by the village since 1934, by action of its council, have been on a five-day-week basis to permit employment of a greater number of people during the depression period.

About January 1, 1942, there was a change in the village administration. During the readjustment and reorganization of the village council which followed, relator was asked to work on a seven-day-week basis commencing January 1, 1942, under a temporary arrangement until the new officers became acquainted with the work of certain of the village employes. The new council, however, continued the policy of operating on a five-day-week basis, with the exception of one or two employes, who were placed upon a monthly time basis at a lesser daily wage.

On January 15, 1942, relator was notified that his work would again be on a five-day-week basis. He thereupon requested employment on a monthly seven-day-week basis. In response to his request, he was offered employment on that basis but at a somewhat lower daily rate than the $5.50 per day he received on the five-day-week basis. He refused to accept such monthly employment because of the lower daily wage rate, although his monthly salary on the new basis would substantially exceed his monthly wages on the five-day-week basis. He was then offered work as a truck driver on a five-day-week basis at a raise of one dollar per day over his daily wage rate, but he also refused this offer.

The sprinkler was required to be in operation seven days a week the year round, part of its use being devoted to supplying fresh drinking water to portions of Hibbing otherwise without water service. For some years past it has been the policy of the village

to divide the extra two days of each week not worked by relator among other five-day-week employes working for the village and one individual not so employed. Relator was included in the distribution of extra work by the village, although not always as a helper on the sprinkler. It is his contention, however, that, since the sprinkler is required to operate seven days a week, under the veterans preference law he is entitled to work on a seven-day-week basis at his regular wage, and that respondents have no right to divide or allocate the extra two days of each week among its other five-day-week employes or others, particularly those not veterans or entitled to veterans preference. The record discloses that all the men except one given the extra two days a week under this policy were ex-servicemen entitled to veterans preference.

The trial court in its decision determined that the village has been on a five-day-week basis for many years and that no ex-serviceman has received more work of the kind involved than relator. It determined further that relator could not compel the village to employ him on a seven-day-week basis when no one else was being so employed. It determined that the seven-day-week employment during January 1942 was merely on a temporary basis while the city council was reorganizing.

The veterans preference act provides that in every public department and on all public works such as here involved honorably discharged veterans shall be entitled to preference in employment over other applicants therefor, and that appointing officers shall be required first to appoint veterans to positions of public employment, provided they are of good moral character and can perform the duties of the position. The act forbids removal of veterans from employment except for incompetency or misconduct shown after a hearing and due notice of stated charges. The act likewise makes provision for action by *mandamus* or otherwise in any court of competent jurisdiction to compel compliance therewith, and for damages for violations thereof.

In the instant case, by virtue of the policy of the village council, it is clear that we are concerned with two separate positions of

employment: (1) a five-day-week position as helper on the village sprinkler; and (2) a two-day-week position on such work. There is no question about the council's right to operate on a five-day-week basis, and there is nothing in the veterans preference act, or any other statute, which forbids such a policy. The question we are concerned with is relator's preferential rights to the two-day-week position here involved.

An examination of the veterans preference act discloses that there is nothing therein requiring the council here to give relator preference for the two-day-week position over other ex-servicemen who might be applicants therefor or employed therein. Thereunder relator and other ex-servicemen may properly apply for or be employed in the two-day-week position, and it is optional with the council as to which of such applicants having a preference shall be so employed, assuming they have the other qualifications specified in the act. There is nothing in the record or in the act which would sustain a finding that the two-day-week position, by law or otherwise, was vested exclusively in relator in preference to other veterans who might be applicants therefor, or that his rights were violated when said work was divided among other five-day-week employes of the city likewise entitled to a preference.

As to the employe who is not entitled to a veteran's preference, under proper proceedings relator might establish a right to the position in preference to him. The record is not complete as to how much time the latter has served in the position, and it cannot be determined therefrom how much relator and other veterans have lost by virtue of his employment contrary to the veterans preference act. The evidence is clear, however, and reasonably sustains the trial court's finding, that relator's position has always been on a five-day-week basis, and that his services in a seven-day-week position for a period of about 15 days was merely a temporary arrangement until the city council was reorganized. Under such circumstances, the record is insufficient to sustain a finding in favor of relator for the lost wages claimed under the veterans preference act, and we must affirm the order appealed from.

Affirmed.